IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT CURTIS, | ) | Civil No. 05-1039-AA |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| JUDGE PANNER, et al., | ) ) | |
| Defendants. | ) | |

**HAGGERTY, Chief Judge:**

On June 1, 2005, Plaintiff filed <u>Curtis v. Betts</u>, CV 05-781. The case was randomly assigned to Magistrate Judge Jelderks. Curtis then reqested that the case be reassigned, asserting that Judge Jelderks is biased against him. As proof, Curtis cited a statement in a criminal proceeding 2 years earlier, during which Judge Jelderks allegedly expressed concern "that I took [my] medications." That motion was mooted when, for other reasons, the case was reassigned to Judge Panner.

Plaintiff next moved to recuse Judge Panner, claiming he, too, was biased, as evidenced by various judicial rulings in prior cases involving Plaintiff. Judge Panner denied the motion.

Plaintiff then filed a new action, entitled <u>Curtis v. Panner, et al.</u>, CV 05-1039-AA. The Complaint in <u>Panner</u> is

1 - ORDER

virtually identical to Betts, except Judge Panner is named as an additional defendant.

The allegations against Judge Panner read as follows:

16. Judge Panner has blocked, Denied, Transferred several accepted Curtis Filed Cases from other Federal Judges, then Dismissed all Fifteen Cases filed by Robert Curtis for Civil Redress.

17. Judge Panner's actions are demanding only Criminal Redress, thus Judge Panner will become an Accessory to "?" Crime.

These allegations fail to state a legally cognizable claim. In addition, it is apparent on the face of the Complaint that the allegations concern conduct performed by Judge Panner as part of his official duties. With very limited exceptions not applicable here, a judge is absolutely immune from suit for damages for actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991). Judicial immunity is not overcome by allegations of bias, bad faith or malice, or allegations that the judge's rulings were erroneous. Id.

This action is dismissed, with prejudice, as to Judge Panner. The remaining allegations and defendants are identical to the Complaint in Betts, which previously was assigned to Judge Panner. Therefore, this case is hereby reassigned to Judge Panner for all further proceedings.

The mere fact that Plaintiff is dissatisfied with Judge Panner's rulings in other cases does not preclude Judge Panner from continuing to hear cases involving Mr. Curtis. See Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never furnish a basis for recusal). Nor is a judge

automatically disqualified by a litigant's suit or threatened suit against him. <u>United States v. Studley</u>, 783 F.2d 934, 940 (9th Cir. 1986). Disqualification is required only if "there is a legitimate basis for suing the judge. For a judge to be disqualified simply because the plaintiff has sued the judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge shopping." <u>Rodriguez v. National Center for Missing & Exploited Children</u>, 2005 WL 736526 at *17 (D.D.C. 2005), quoting 32 AM. JUR.2D FEDERAL COURTS § 149. <u>Accord</u> <u>Anderson v. Roszkowski</u>, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), <u>aff'd</u>, 894 F.2d 1338 (7th Cir. 1990).

## Conclusion

This action is dismissed, with prejudice, as to Judge Panner. This case is reassigned to Judge Panner for all further proceedings.

DATED this \_\_11\_\_ day of July, 2005.

                                         /s/ Ancer L. Haggerty
                                         Ancer L. Haggerty
                                           United States District Judge